The judgment of the court was pronounced by
Preston, J.
The defendant sold to the plaintiff a stock of milk cows, a horse, cart, and utensils for a dairy, for $1300, payable $200 cash, and the balance in a note payable the 1st of December, 1848, with the right to extend the payment twelve months by paying eight per cent interest. In December, 1848, the plaintiff paid $200 on account, and gave a note at twelve months for the balance. In January, 1849, the defendant took forcible possession of the property remaining in the possession of the plaintiff.
This suit was instituted to recover back the same, with damages. There was a verdict fojr the plaintiff', with five hundred dollars damages. After an unsuccessful effort to obtain a new trial judgment was rendered against the defendant., and he has appealed.
The defendant’s counsel has called our attention particularly to two bills of exception taken by them in the progress of the suit. The cause being called for trial, and there not being enough of jurors in court to form a jury, the court issued attachments for the absent jurors, but before all the attachments had been returned, ordered the sheriff to summon talesmen to complete the jury. And the sheriff, in the execution of the order, went into the street and brought in persons of his own selection to complete the jury. The counsel of the defendant objected to this, on the ground that the court could not order talesmen to be summoned on the jury, until the attachments for the jurymen on the regular panel had been returned ; and that the sheriff, in the execution of the order, could not go out of the court room to select jurors.
The 513th article of the Code of Practice authorised the court “ if, on account of absence, the jury should not be complete, to order the sheriff to summon a certain number, of persons present having the legal qualifications in order to complete it.” The very case had occurred of an insufficient number of jurors to form a complete jury, in consequence of the absence of some of the panel. The judge did his duty by issuing attachments to bring the absent jurors into *316 court, to excuse or subject themselves to punishment for non-attendance, and to serve in that or other cases ; but it was equally his duty to expedite the case on trial, by ordering persons present to be summoned to complete the jury, on account of the absence of jurors belonging .t.o the regular panel. The absence of the jurymen belonging to the panel, and not the impossibility of finding them, was the cause which authorised the judge to order persons present to be summoned to complete the jury, ft is urged, that the sheriff should have summoned tliQs.e who were present in the court room, and had np right to summon persons in the street. The jury terms of our courts call together many persons in the vicinity of the court houses, who, by a liberal construction of the Code of Practice, may be considered presen.t at court, and liable to be summoned under the article of the Code of Practice. Perhaps the judge could not order the sheriff to go out of the court house to summon talesmen, and, perhaps the persons summoned might refuse to obey the summons ; but if he is willing to go, and they to come, it is not for the parties to the suit to complain.
The defendant offered to prove, that since the date of the contract, the witness henrd a conversation between the parties, in which the plaintiff stated, that when the note given by him fell due, if he could not pay it, the defendant would have the right to take back the properly upon refunding the amount paid by him, and paying him wages at the rate of twenty dollars a month.
The testimony would have directly contradicted the written agreement, and was therefore properly rejected. The defendant’s counsel contends, however, that it was evidence of a subsequent agreement, which might be proved by parol, and which was set up in his answer as a defence. We find, on examining the answer, that it was set up as a modification of the original agreement, alleged to have been made at the same time, and not as a subsequent and distinct contract. Indeed, as proof of a subsequent contract the testimony was inconsistent with the renewal of the note for twelve months from December, 1848. Whether, therefore, ,th.e testimony was offered in support of an allegation that the written agreement was modified by parol at the time of making it, or to establish a parol agreement inconsistent with the renewal of a note in execution of the written agreement, it was properly rejected. Code, article £257,
The defendant has relied in this court on the legal questions raised by his counsel. We have, however, examined the evidence with care; and, considering the violent manner in which the defendant dispossessed th.e plaintiff of his property, taking him by the collar, and thrusting him into the- street, and considering that he entirely broke up his business, which is proved to have been profitable, we do not think the damages given by the jury excessive.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs in both courts.